# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# AMARILLO DIVISION

| | |
|---|---|
| THE TENNESSEE WALKING HORSE NATIONAL CELEBRATION ASSOCIATION *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF AGRICULTURE *et al.*, <br><br> Defendants. | Case No. 2:24-cv-143 <br><br><br> District Judge Matthew J. Kacsmaryk |

### DEFENDANTS' OPPOSITION TO MOTION TO INTERVENE BY HUMANE SOCIETY OF THE UNITED STATES

i

**TABLE OF CONTENTS**

INTRODUCTION ..........................................................................................................................1

BACKGROUND ............................................................................................................................1

ARGUMENT ..................................................................................................................................2

I.    HSUS does not have a right to intervene under Rule 24(a)(2) because it has not demonstrated that Defendants will not adequately represent HSUS's interests in this suit. ....................................................................................................................................2

II.    The Court should exercise its discretion to deny permissive intervention under Rule 24(b)(1)(B). ........................................................................................................................5

CONCLUSION ...............................................................................................................................6

# **TABLE OF AUTHORITIES**

**CASES**

*Brackeen v. Zinke*,
  Civ. A. No. 4:17-cv-00868-O, 2018 WL 10561984 (N.D. Tex. June 1, 2018) ............................... 4, 5

*Brumfield v. Dodd*,
  749 F.3d 339 (5th Cir. 2014) ................................................................................................. 2, 3, 4

*DeOtte v. Azar*,
  332 F.R.D. 173 (N.D. Tex. 2019) .................................................................................................. 5

*Edwards v. City of Houston*,
  78 F.3d 983 (5th Cir. 1996) ........................................................................................................... 3

*Franciscan All., Inc. v. Azar*,
  414 F. Supp. 3d 928 (N.D. Tex. 2019),
  *remanded*, 843 F. App'x 662 (5th Cir. 2021) ................................................................................. 6

*Hopwood v. Texas*,
  21 F.3d 603 (5th Cir. 1994) ........................................................................................................... 3

*Kneeland v. Nat'l Collegiate Athletic Ass'n*,
  806 F.2d 1285 (5th Cir. 1987) ....................................................................................................... 5

*Sierra Club v. Espy*,
  18 F.3d 1202 (5th Cir. 1994) ..................................................................................................... 2, 3

*Texas v. United States*,
  805 F.3d 653 (5th Cir. 2015) ......................................................................................................... 5

*Turner v. Cincinnati Ins. Co.*,
  9 F.4th 300 (5th Cir. 2021) ............................................................................................................ 5

*Wal-Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n*,
  No. 1-15-CV-134 RP, 2015 WL 11613286 (W.D. Tex. Dec. 22, 2015) ....................................... 3

**STATUTES**

15 U.S.C. §§ 1821 *et seq.* ...................................................................................................................... 1

**REGULATIONS**

Horse Protection Amendments,
  89 Fed. Reg. 39,194 (May 8, 2024) ............................................................................................... 1

Horse Protection; Licensing of Designated Qualified Persons and Other Amendments,
  88 Fed. Reg. 47,068 (July 21, 2023) .............................................................................................. 4

Horse Protection Regulation,
  37 Fed. Reg. 2426 (Feb. 1, 1972) ...............................................................................................1

**RULES**

Fed. R. Civ. P. 24 ...........................................................................................................................2

**INTRODUCTION**

This suit involves a challenge to certain provisions of a final rule promulgated by the U.S. Department of Agriculture ("USDA") implementing the Horse Protection Act ("HPA"). *See* Horse Protection Amendments, 89 Fed. Reg. 39,194 (May 8, 2024); 15 U.S.C. §§ 1821 *et seq*. Plaintiffs, a non-profit entity that runs Tennessee Walking Horse shows and two individuals who allege that they own Tennessee Walking Horses, claim that the challenged provisions violate the Administrative Procedure Act ("APA") and other laws, and they seek to vacate and set aside the entire rule. These claims are meritless, and the Government will zealously defend against them. The Humane Society of the United States ("HSUS") proposes to intervene to defend against Plaintiffs' claims alongside Defendants. *See* Mot. to Intervene, ECF No. 20. Defendants would welcome HSUS's participation in this case as amicus curiae, but respectfully oppose the request to intervene as a defendant. Because HSUS's and its members' interests in eliminating the abusive practice of horse soring, promoting fair competition in horse events, and defending the final rule are precisely those shared by USDA, the existing Defendants are adequate representatives of HSUS and its members in this suit. Accordingly, the Court should deny the motion to intervene.

**BACKGROUND**

Congress passed the HPA in 1970 to prohibit the showing or selling of horses that have been sored. *See* 15 U.S.C. §§ 1821 *et seq*. Congress authorized the USDA to issue regulations implementing the Act, which it has been doing since 1972 and, most recently, in a final rule issued on May 8, 2024. *See* Horse Protection Regulation, 37 Fed. Reg. 2426, 2426-29 (Feb. 1, 1972); Horse Protection Amendments, 89 Fed. Reg. 39,194 (May 8, 2024). The rule will take full effect on February 1, 2025. *See* 89 Fed. Reg. at 39,194. As relevant to this suit, the final rule (a) prohibits certain action devices, types of pads and wedges, and substances that are known to be associated with soring; (b) revises the former "Scar Rule" provision to clarify the criteria for determining whether a horse is sore within the meaning of the HPA's definition of that term; (c) establishes a procedure by which horse owners and trainers (and others responsible for the horse) may appeal disqualification decisions to the Administrator of the Animal and Plant Health Inspection Service

("APHIS"); and (d) replaces Designated Qualified Persons ("DQPs"), who are third-party inspectors employed and compensated by the industry, with APHIS-authorized inspectors. Plaintiffs challenge each of these provisions and raise claims under the APA, the Fifth Amendment, and the Regulatory Flexibility Act. *See* First Am. Compl. ¶¶ 199–269, ECF No. 15.

At the request of the parties, the Court entered a scheduling order whereby Defendants produced the administrative record to Plaintiffs and filed a certified index of that record on September 27, 2024. *See* Scheduling Order, ECF No. 16. Pursuant to that schedule, the parties are currently undergoing briefing on cross-motions for summary judgment, which will conclude on December 20, 2024. *See id.* Additionally, Defendants' fully briefed motion to transfer this case to the Dallas Division is currently pending. *See* Defs.' Mot. to Transfer Venue, ECF No. 13.

Proposed intervenor HSUS is a non-profit organization whose mission includes promoting the welfare of animals and, specific to this case, campaigning to end the practice of soring horses. *See* Br. in Supp. of Mot. to Intervene at 2-5, ECF No. 21 ("Mem."). HSUS argues that it is entitled to intervention as of right under Fed. R. Civ. P. 24(a)(2), or alternatively, that it should be granted permissive intervention under Fed. R. Civ. P. 24(b)(1)(B).

## ARGUMENT

**I.   HSUS does not have a right to intervene under Rule 24(a)(2) because it has not demonstrated that Defendants will not adequately represent HSUS's interests in this suit.**

A party seeking to intervene as of right under Rule 24(a)(2) must meet four requirements: "(1) [t]he application must be timely; (2) the applicant must have an interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede its ability to protect its interest; and (4) the applicant's interest must be inadequately represented by the existing parties to the suit." *Brumfield v. Dodd*, 749 F.3d 339, 341 (5th Cir. 2014) (quoting *Sierra Club v. Espy*, 18 F.3d 1202, 1204-05 (5th Cir. 1994)). For purposes of the present motion only, Defendants assume that HSUS satisfies the first

2

three requirements. However, HSUS has not established the fourth requirement because it has not shown that the existing parties, specifically, Defendants, will not adequately represent its interests.

"The applicant has the burden of demonstrating inadequate representation." *Espy*, 18 F.3d at 1207. HSUS characterizes this burden as "minimal," *see* Mem. at 18 (citation omitted), but, as the Fifth Circuit has held, "where the party whose representation is said to be inadequate is a governmental agency, a much stronger showing of inadequacy is required." *Hopwood v. Texas*, 21 F.3d 603, 605 (5th Cir. 1994); *see also Wal-Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n*, No. 1-15-CV-134 RP, 2015 WL 11613286, at *4 (W.D. Tex. Dec. 22, 2015) (same). Indeed, the Fifth Circuit has recognized two "presumptions of adequate representation." *See Edwards v. City of Houston*, 78 F.3d 983, 1005 (5th Cir. 1996). One presumption arises when the proposed intervenor "has the same ultimate objective as a party to the lawsuit," in which case the proposed intervenor "must show adversity of interest, collusion, or nonfeasance on the part of the existing party to overcome the presumption." *Id.* Another presumption arises in suits, like this, where an existing party is a "governmental body or officer charged by law with representing the interests" of all its citizens. *Id.* In such a case, the movant similarly "must show 'that its interest is in fact different from that of the [government] and that the interest will not be represented by [the government].'" *Id.* (quoting *Hopwood*, 21 F.3d at 605). Both presumptions apply here, and HSUS has failed to rebut them.

HSUS shares the same ultimate objective as Defendants in this suit—namely, the unimpeded implementation of the final HPA rule—and Defendants are federal government entities and officers. HSUS nevertheless contends that its interests and Defendants' "may not align precisely" because "USDA is a federal agency that represents a broad array of citizens' interests and is not only concerned with protecting the horses and HSUS's members' interests." Mem. at 18. In support, HSUS relies principally on *Brumfield v. Dodd*, 749 F.3d 339, 346 (5th Cir. 2014). *See* Mem. at 18-19. But *Brumfield* turned on factors that were unique to that case, where the defendant state's interests were not only broader than the intervenors' interests but were actually *at odds* with them. In *Brumfield*, the United States had sought to enjoin Louisiana from awarding school vouchers in districts under desegregation orders. 749 F.3d at 346. The Fifth Circuit held that parents whose

3

children had received school vouchers had a right to intervene as defendants in the case. *Id.* The court reasoned that, while the parents' "only concern [wa]s keeping their vouchers," "[t]he state ha[d] many interests [to balance] in th[e] case," including maintaining "its relationship with the federal government and with the courts that have continuing desegregation jurisdiction." *Id.* The court also noted that the parents and the state had "stak[ed] out . . . significantly different" positions in the case, with the intervening parents challenging the jurisdiction of the district court while the state conceded it. *Id.* Because of "[t]he lack of unity in all objectives, combined with real and legitimate additional or contrary arguments" of the parents, the court concluded that Louisiana's representation may be inadequate and that the parents had a right to intervene. *Id.*

The concerns animating the decision in *Brumfield* are not present here. As a Court in this District recognized in another case with a federal defendant, "while the *Brumfield* intervenors feared the influence of the federal government over the state, here, the federal government *is* the defendant." *Brackeen v. Zinke*, Civ. A. No. 4:17-cv-00868-O, 2018 WL 10561984, at *4 (N.D. Tex. June 1, 2018) (emphasis added). And unlike in *Brumfield*, HSUS and Defendants are not making "contrary" arguments. *Brumfield*, 749 F.3d at 346. Rather, both HSUS and Defendants believe that the challenges to the final HPA rule in this case lack merit, and Defendants will zealously advocate against Plaintiffs' claims. To the extent HSUS wishes to express its interpretation of USDA's statutory obligations under the HPA, *see* Mem. at 19, Defendants support HSUS acting as amicus curiae in this case to provide that perspective. Moreover, HSUS's reference to USDA's withdrawal of a different final HPA rule in 2017, and litigation brought by HSUS against USDA regarding that withdrawal, *see id.* at 10-11, 19, does not compromise the adequacy of Defendants' representation here. As USDA explained in the rulemaking process, USDA withdrew the prior rule in part so that it could consider updated data and recommendations and replace the prior rule with a new rule—*i.e.* the final HPA rule challenged in this suit. *See, e.g.*, Horse Protection; Licensing of Designated Qualified Persons and Other Amendments, 88 Fed. Reg. 47,068, 47,070 (July 21, 2023). Thus, the withdrawal does not "demonstrate[] any reason to think the federal government will not zealously

4

defend its own laws" by advocating against the claims in this case. *See Brackeen*, 2018 WL 10561984, at *4.[1]

Accordingly, HSUS has not overcome the presumption of adequate representation and does not have a right to intervene.

## II. The Court should exercise its discretion to deny permissive intervention under Rule 24(b)(1)(B).

A court may grant permissive intervention pursuant to Rule 24(b)(1)(B) when: "(1) timely application is made by the intervenor, (2) the intervenor's claim or defense and the main action have a question of law or fact in common, and (3) intervention will not unduly delay or prejudice the adjudication of the rights of the original parties." *DeOtte v. Azar*, 332 F.R.D. 173, 178 (N.D. Tex. 2019) (citation omitted). However, "[p]ermissive intervention is 'wholly discretionary' and may be denied even when the requirements of Rule 24(b) are satisfied." *Turner v. Cincinnati Ins. Co.*, 9 F.4th 300, 317 (5th Cir. 2021) (citation omitted).

For purposes of the present motion only, Defendants assume that the requirements for permissive intervention are met. However, the Court should deny permissive intervention as a matter of discretion. "In acting on a request for permissive intervention the district court may consider, among other factors, whether the intervenors' interests are adequately represented by other parties." *Kneeland v. Nat'l Collegiate Athletic Ass'n*, 806 F.2d 1285, 1289 (5th Cir. 1987); *Brackeen*, 2018 WL 10561984, at *5 (denying permissive intervention, in part, because the proposed intervenor had not demonstrated inadequate representation). As discussed above, HSUS has not established that Defendants will not represent its interests adequately. *See supra* Part I. Thus, addition of HSUS as a party in the case will produce few, if any, benefits.

On the other hand, intervention by HSUS could have adverse effects. The presence of an additional party could complicate resolution of this case, for example, by increasing the number of

---

[1] Similarly, HSUS's reliance on another Fifth Circuit opinion, *Texas v. United States*, 805 F.3d 653 (5th Cir. 2015), does not demonstrate a right to intervene, as that case also involved intervenors with interests that were directly adverse to the government rather than merely narrower in scope which, again, is not the case here. *See id.* at 663 (contrasting the directly adverse interests of intervenors and the government).

5

summary judgment motions and potentially the number of issues presented in those motions. As an alternative to intervention, the Court may consider, and Defendants would welcome, HSUS's participation in this case as amicus curiae. That approach would give HSUS a voice in this litigation, without the additional burdens on the Court and parties that attend full intervention. Should the Court ultimately grant intervention, Defendants request that the Court confirm in its Order that that HSUS may not assert any new claims or cross-claims in this matter or otherwise substantially disrupt the schedule this Court has entered without agreement of the parties or the Court's approval. *See Franciscan All., Inc. v. Azar*, 414 F. Supp. 3d 928, 940 (N.D. Tex. 2019), *remanded on other grounds*, 843 F. App'x 662 (5th Cir. 2021) (a district court "is able to impose almost any condition" on intervention in order to avoid undue delay or prejudice to the parties (citation omitted)).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny the motion to intervene. Defendants have no objection to HSUS participating in this case as amicus curiae.

Dated: November 4, 2024                     Respectfully submitted,

                                            BRIAN M. BOYNTON
                                            Principal Deputy Assistant Attorney General

                                            JOSEPH E. BORSON
                                            Assistant Branch Director

                                            */s/ Cristen C. Handley*
                                            CRISTEN C. HANDLEY (MO Bar No. 69114)
                                            ALLYSON R. SCHER (DC Bar No. 1616379)
                                            Trial Attorneys
                                            U.S. Department of Justice
                                            Civil Division, Federal Programs Branch
                                            1100 L Street N.W.
                                            Washington, D.C. 20005
                                            Telephone: (202) 305-2677
                                            Facsimile: (202) 616-8460
                                            Email: cristen.handley@usdoj.gov

                                            *Counsel for Defendants*