IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

THE TENNESSEE WALKING HORSE
NATIONAL CELEBRATION
ASSOCIATION, *et al.*,

      Plaintiffs,

v.

                            2:24-CV-143-Z

UNITED STATES DEPARTMENT
OF AGRICULTURE, *et al.*,

      Defendants.

## ORDER

Before the Court is Defendants' Motion to Transfer Venue ("Motion") (ECF No. 13). For the reasons discussed below, the Motion is **DENIED**.

**BACKGROUND**

Tennessee Walking Horse National Celebration Association (together with Ms. Kimberly Lewis and Mr. Tom Gould, the "Plaintiffs") files this suit to challenge a new rule promulgated by the United States Department of Agriculture ("USDA" or "Agency") and administered by its sub-agency, the Animal and Plant Health Inspection Service ("APHIS"). *See* Horse Protection Amendments, 89 Fed. Reg. 39194 (May 8, 2024) (amending 9 C.F.R. pt. 11).[1] The proposed rule serves to enforce the Horse Protection Act, 15 U.S.C. § 1821 *et seq.*, which prohibits the practice of "soring" horses — that is, intentionally inflicting pain to a horse's legs or hooves in order to exaggerate the horse's gait and gain an unfair advantage at horse shows. 15 U.S.C. § 1821(3). Plaintiffs assert that the rule "bear[s] no rational connection" to achieving

---

[1] This rule is scheduled to take full effect on February 1, 2025.

the goal of eliminating soring and "exceed[s] the agency's authority under the [Horse Protection Act]." ECF No. 19 at 3.

Plaintiffs take exception with several aspects of the Agency's proposed rule, which (1) prohibits action devices, types of pads worn between the hood and horseshoe, and substances often associated with soring; (2) replaces the former "Scar Rule" provision with the "Dermatologic Conditions Indicative of Soring" ("DCIS") provision, designed to help inspectors determine whether a horse is sore and clarify the process for reaching that conclusion; (3) allows for horse owners and trainers to appeal disqualification decisions when certain criteria are met; and (4) replaces third-party qualified persons with APHIS-authorized inspectors. Plaintiffs challenge each of the above provisions under the Administrative Procedure Act ("APA"), the Fifth Amendment, and the Regulatory Flexibility Act. *See generally* ECF No. 15. Plaintiffs voiced such objections during the notice-and-comment period required under the APA, ending on October 20, 2023. Defendants have filed the instant Motion requesting transfer to the Dallas Division pursuant to 28 U.S.C. Section 1404(a). ECF No. 13 at 1, 9.

**LEGAL STANDARD**

Where a plaintiff has filed suit in a district of proper venue, a defendant may nonetheless file a motion to transfer venue under 28 U.S.C. Section 1404(a). The relevant statute provides that the Court is permitted to transfer a case to a different district where the case could have been brought originally, if the moving party clearly demonstrates that transfer is "[f]or the convenience of parties and witnesses" (*i.e.*, private interests) and is "in the interest of justice" (*i.e.*, public interests). 28 U.S.C. § 1404(a); *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (hereinafter, "*Volkswagen II*"). The moving party bears the burden of showing "good cause" for transfer, requiring an explicit demonstration that the transferee venue is more convenient and that

2

transfer would be in the interest of justice. *Id.* If the moving party cannot satisfy this burden, the plaintiff's choice of venue should be respected. *Id.*

When evaluating a motion to transfer venue, a court must engage in a case-by-case consideration of eight specific private and public interest factors. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (hereinafter, "*Volkswagen I*"). The four private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." The four public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.*

These factors "are not necessarily exhaustive or exclusive," and none standing alone "can be said to be of dispositive weight." *Volkswagen II*, 545 F.3d at 315. To that end, a court is required to conduct an independent assessment of the proper weight to assign a plaintiff's choice of forum. *Seramur v. Fed. Ins. Co.*, No. 3:19-CV-1678-B, 2019 WL 3253369, at *2 (N.D. Tex. June 19, 2019) (citing *Davis v. City of Fort Worth*, No. 3:14-CV-1698-D, 2014 WL 2915881, at *2 (N.D. Tex. June 25, 2014)). A district court must use sound discretion and "balance the two categories of interest—private and public—to resolve whether the movant has carried his burden." *Nat'l Union Fire Ins. Co. of Pittsburgh PA v. Lauren Eng'rs & Constructors, Inc.*, No. 3:19-CV-1742-S, 2019 WL 6071073, at *1 (N.D. Tex. Nov. 14, 2019). "The trial court is entitled to broad discretion in ruling on motions to transfer venue, and its decision will be upheld absent an abuse of discretion." *United States v. Asibor*, 109 F.3d 1023, 1037 (5th Cir. 1997).

ANALYSIS

The Court begins with the necessary preliminary question: whether the Dallas Division —
where Defendants seek transfer — would have been a district in which the case could have been
filed originally. The parties do not dispute, and the Court agrees, that venue is proper in the
Northern District of Texas. ECF No. 19 at 8. As 28 U.S.C. Section 1391(e) describes, civil actions
against an officer or agency of the United States may be brought "in any judicial district in
which . . . the plaintiff resides if no real property is involved in the action." Ms. Lewis and Mr.
Gould, two of three plaintiffs, reside in Dallas. Thus, the Court finds venue is proper in this district.
Accordingly, the Court turns its attention to an analysis of the private and public interest factors.

### I. The private interest factors do not favor transfer.

Defendants assert that transfer to the Dallas Division is appropriate based on the private
interest factors. Plaintiffs disagree. However, Defendants conjoin all four private interest factors
in their Motion, addressing only the general issue of "access to proof and witnesses."
ECF No. 13 at 5. Despite conceding that the "substantive merits of this case will largely be decided
on an administrative record" and that "questions of access to proof and witnesses are neutral,"
Defendants nevertheless persist that "*all* private interest factors weigh in favor of transfer." *Id.*
(emphasis added).

Reaching further than the instant matter of venue transfer, Defendants argue that Plaintiffs
will eventually need to "establish their injury-in-fact as a constitutional requisite for Article III
standing" through "competent evidence" at the summary-judgment phase. *Id.* There, Plaintiffs
"can't rely on mere allegations; [they] must set forth by affidavit or other evidence of specific facts
supporting standing." *Id.*, citing *Inclusive Communities Project, Inc. v. Dep't of Treasury*, 946 F.3d
649, 655 (5th Cir. 2019) (internal marks omitted). This, Defendants persist, will necessitate

establishing that "Plaintiffs own Tennessee Walking Horses" that "will be subject to the new regulations," "were bred to perform or perform with pads and action devices," "will be unable to compete in the Performance Division of competition if the new regulations take effect," "will be rendered economically worthless if the new regulations take effect," and "that Plaintiffs use substances prohibited by the new regulations on those horses." *Id.* Such evidence is said to be found in the Dallas Division. ECF No. 13 at 5.

Defendants' arguments are unpersuasive. The Amarillo Division is equipped with the necessary technology to adjudicate Defendants' case. Defendants have failed to demonstrate how any of the aforementioned evidence cannot easily be electronically shared and accessed in Plaintiffs' chosen forum. *See BNSF Ry. Co. v. OOCL (USA), Inc.*, 667 F. Supp. 2d 703, 710 (N.D. Tex. 2009) ("[Defendant] has pointed to no accessibility problems that exist in the Northern District of Texas."). Should this case eventually necessitate Plaintiffs establishing standing through affidavit or other evidence, such evidence can be transmitted electronically. Defendant fails to identify any tangible reason why the specific evidence required will be more accessible in Dallas or inaccessible in Amarillo. *United States v. Planned Parenthood Fed'n of Am., Inc.*, No. 2:21-CV-022-Z, 2022 WL 19006361, at *2 (N.D. Tex. Sept. 20, 2022) ("Because electronic information can be accessed conveniently in any number of locations, not simply the location where the information is 'stored,' it does not follow that transfer to the location of the stored information is more convenient for anyone." (quoting *Odom v. Microsoft Corp.*, 596 F. Supp. 2d 995, 1000 (E.D. Tex. Jan. 30, 2009))).

Due to the ease of access to sources of proof, lack of witness concerns based on the primary use of an administrative record, and absence of any practical problems that would impede the case or increase its cost, Defendants do not persuade the Court that the private interest factors weigh in

favor of transfer. The private interest factors are, at best, neutral. *See SEC v. Blackburn*, No. 4:14-CV-812-LG-CMC, 2015 WL 11120724, at *2 (E.D. Tex. June 30, 2015) (finding this factor to be neutral because there was "little dispute that most of the relevant documents in this action are available or are capable of being produced electronically").

## II. The public interest factors do not favor transfer.

Defendants concede that three of the four public interest factors are neutral. ECF No. 13 at 6. Indeed, Defendants themselves acknowledge that "[n]either the Dallas Division nor the Amarillo Division is more familiar with the federal statute and regulations at issue," that they are not "aware of any difference in the relative congestion of the dockets between the two Divisions," and that transfer will not delay the case. *Id.* The only factor left to address is the local interest in having localized interests decided at home. *Volkswagen I*, 371 F.3d at 203. Defendants posit that this fourth factor favors transfer to the Dallas Division because "the Amarillo Division has no 'local interest'" in adjudicating the case, and because Mr. Gould and Ms. Lewis reside in the Dallas Division. ECF No. 13 at 6.

The local interest factor does not favor transfer for three reasons. First, the Fifth Circuit has articulated that in considering this factor, courts "do not consider the parties' connections to the venue." *In re Clarke*, 94 F.4th 502, 511 (5th Cir. 2024). Indeed, this public-interest factor is instead concerned "with the interest of *non-party citizens* in adjudicating the case." *Id.* (emphasis in original). Thus, the fact that Mr. Gould and Ms. Lewis reside in the Dallas Division is immaterial to the Court's local interest factor analysis. Second, the instant case address matters of nationwide effect; namely, a challenge to a federal rule. These types of rules are "not meant to be 'localized' — they are usually designed to affect the entire nation." *In re Chamber of Com. of United States of Am.*, 105 F.4th 297, 308–09 (5th Cir. 2024). As a

6

result, this is not the type of case where the Amarillo Division has a lesser stake in the outcome of litigation than the Dallas Division. Third, Tennessee Walking Horse Breeders' and Exhibitors' Association records indicate that forty-four Tennessee Walking Horses are registered to owners who reside in Amarillo. ECF Nos. 13 at 3 n.3, 17 at 17 n.7. Although Defendants point out that Plaintiffs "do not purport to be one of those owners," this argument is a red herring; all that is required to show a local interest is "a relevant factual connection between the events and the venue." ECF No. 13 at 3 n.3; *Venable's Constr. Inc. v. Oneok Arbuckle II Pipeline, LLC*, No. 2:20-CV-018-Z-BR, 2020 WL 2841398, at * 7 (N.D. Tex. June 1, 2020) (quoting *LeBlanc v. C.R. England, Inc.*, 961 F. Supp. 2d 819, 832–33 (N.D. Tex. 2013)). Accordingly, the local interest factor does not weigh in favor of transfer.

CONCLUSION

Defendants have not satisfied their burden of showing that there is "good cause" for transfer, failing to clearly demonstrate that the Dallas Division is more convenient than the Amarillo Division and that transfer would be in the interest of justice. For these reasons, it is **ORDERED** that Defendant's Motion to Transfer Venue (ECF No. 13) is **DENIED**.

**SO ORDERED**.

January 13, 2025

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE